O

# United States District Court
# Central District of California

| | |
|---|---|
| ROSELY ZAPON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COSTCO WHOLESALE CORPORATION; DOES 1 to 10, inclusive.<br><br>　　　　　Defendants. | Case № 2:20-cv-11415-ODW (RAOx)<br><br>**ORDER GRANTING MOTION TO DISQUALIFY DOWNTOWN L.A. LAW GROUP FROM REPRESENTATION OF PLAINTIFF IN THIS ACTION [32]** |

## I.　　INTRODUCTION

Defendant Costco Wholesale Corporation ("Costco") moves to disqualify Downtown L.A. Law Group ("DTLA Law Group") from representing plaintiff Rosely Zapon in this litigation. (Mot. to Disqualify ("Mot."), ECF No. 32.) Although Zapon and her counsel have been cautioned that the Federal Rules of Civil Procedure and Central District Local Rules will be strictly enforced, Zapon failed to timely oppose. (*See* Min. Order Reopening 2, ECF No. 22; Opp'n, ECF No. 34.) Accordingly, and for the reasons that follow, Costco's motion is **GRANTED**.[1]

---

[1] After carefully considering the papers filed in connection with the motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. BACKGROUND

On August 13, 2020, Zapon filed a personal injury lawsuit against Costco in the Los Angeles County Superior Court, alleging negligence and premises liability. (Decl. of Andrew Sewell Ex. A ("Compl."), ECF No. 1-1.) In December 2020, Costco removed the case to this Court. (*See* Notice of Removal ("NOR"), ECF No. 1.) In March 2021, Zapon retained DTLA Law Group to represent her in this matter. (*See* Mot. 4; Order Granting Substitution of DTLA Law Grp. Att'y Sarah Anastasi[2], ECF No. 10.)

Anthony Werbin is an attorney at DTLA Law Group. (Mot. 3.) Prior to joining DTLA Law Group, Werbin worked at the law firm Manning & Kass, Ellrod, Ramirez, Trester LLP. (*Id.* at 3–4.) While with Manning, Werbin represented Costco in twenty-one cases related to personal injury matters between July 5, 2017, and January 16, 2020. (Decl. of Zois Johnston ¶¶ 2–3, ECF No. 32-1.) In his capacity as Costco's attorney, Werbin developed legal and litigation strategy for Costco, communicated with Costco employees and its claims administrator, reviewed confidential and privileged documents, prepared responses to discovery, prepared witnesses to testify at depositions, and defended depositions of Costco employees. (*Id.* ¶¶ 5–7.) Although Werbin is not currently representing Zapon in this case, in light of the above history, Costco moves to impute Werbin's alleged conflict to DTLA Law Group and disqualify it from representing Zapon. (Mot. 3–5.)

## III. FAILURE TO TIMELY OPPOSE

Costco asks the Court to disregard Zapon's opposition and grant the motion as unopposed because Zapon filed her opposition late. (Reply 3.) Any opposition to a motion must be filed no later than twenty-one days before the date set for hearing. C.D. Cal. L.R. 7-9. Local Rule 7-12 provides that the "Court may decline to consider any memorandum or other document not filed within the deadline set by order or local rule," and that "failure to file it within the deadline[] may be deemed consent to the

---

[2] Formerly Sarah Wilson. (*See* Notice of Change of Pl.'s Att'y's Name, ECF No. 26.)

granting or denial of the motion." C.D. Cal. L.R. 7-12. On June 15, 2021, Costco filed its motion and noticed the motion hearing on July 26, 2021. (Mot. 1.) Zapon's opposition was due twenty-one days before the hearing, on July 5, 2021. *See* C.D. Cal. L.R. 7-9. Due to the observed July 4 holiday falling on July 5, 2021, Zapon's opposition should have been filed by July 2, 2021. *See id.*; Fed. R. Civ. P. 6(a). Zapon's opposition was not filed until July 13, 2021, eleven days late. (*See* Opp'n.)

Zapon and her counsel's delays and repeated procedural errors have riddled this case. More than three months after removal to this Court, Zapon had yet to file an appropriate complaint that complied with the Federal Rules of Civil Procedure and this Court's Standing Orders. (*See* Order re Appropriate Pleading, ECF No. 13.) The Court ordered Zapon to file a federally-compliant complaint by March 31, 2021. (*Id.*) When she failed to do so, the Court dismissed Zapon's complaint for failure to prosecute and failure to comply with Court orders. (*See* Order Dismissing, ECF No. 16.) Zapon moved to reopen, but again did not comply with the Local Rules, and her filing was stricken. (*See* Order to Strike, ECF No. 18.) Only after Zapon complied with the Local Rules in moving to reopen the case was her motion accepted, and the Court ultimately reopened the action. (*See* Min. Order Reopening.) The Court explicitly "advised and warned" the parties "that the Federal Rules of Civil Procedure and Local Rules will be strictly enforced." (*Id.* at 2.)

Despite this history and the Court's warnings, Zapon has once again failed to comply with the Local Rules by filing her Opposition eleven days late. Zapon received notice of Costco's motion and had ample opportunity to oppose. (*See* Mot. 18 ("Proof of Serv.").) Zapon offers no excuse for failing to timely oppose, nor has she sought an extension or other relief. As such, pursuant to Local Rule 7-12, the Court construes Zapon's failure to file a timely opposition as waiver and consent to the Court granting Costco's motion. Therefore, the Court **GRANTS** the motion and disqualifies DTLA Law Group from representing Zapon in this action.

### IV. CONCLUSION

For the foregoing reasons, Costco's Motion to Disqualify Counsel is **GRANTED**. (ECF No. 32.) DTLA Law Group is disqualified from representing Zapon in this action. **Within thirty days** from the date of this order, Zapon shall either retain new counsel or elect to proceed pro se, and shall file a Request for Approval of Substitution of Attorney, Form G-01, available on the Court's website.

**IT IS SO ORDERED.**

August 10, 2021

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**